E-Filed: **6/4/09**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jack S. McGarey,** | CASE NO. CV 07-2430-GHK |
| Petitioner, | |
| v. | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| **D.K. Sisto,** | |
| Respondent. | |

    This matter is before the Court on Petitioner Jack S. McGarey's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). On November 13, 2007, Petitioner filed the Petition alleging that he was deprived of his due process liberty interest when the Board of Parole Hearings ("Board") denied him parole on January 5, 2006. Petitioner also alleges that the Board's denial of parole violated the terms of his plea agreement. On April 4, 2008, Respondent D.K. Sisto ("Respondent"), Acting Warden at California State Prison-Solano, filed an Answer. On May 5, 2008, Petitioner filed a Traverse. We have now considered the papers filed in support of and opposition to this Petition, and deem this matter appropriate for resolution without oral argument. L.R. 78-230(h). The parties are familiar with the facts in this case, so they will be repeated only as necessary.

//

## I. Factual Background

In January 1987, Petitioner was convicted of second degree murder plus a one year sentence enhancement for use of a deadly weapon. He is currently serving a sentence of sixteen years to life. In 1986, Petitioner and a codefendant lured a childhood friend to an isolated spot and murdered him with a machete, nunchukas, and a serrated knife. Petitioner acknowledged that he was a regular methamphetamine user at the time, and that the homicide was calculated and premeditated.

Reports from the coroner's office indicated that the assault was executed in a particularly gruesome manner. The victim suffered 13 chop wounds on his skull and the back of his neck. The force of the blows fractured the skull, and at least three of these wounds entered the brain. He had eight separate stab wounds over various portions of his body, as well as a chop wound on his right rear shoulder that was probably inflicted after death. Two additional wounds were inflicted near the time of death, including a chop wound across the bridge of the victim's nose. His left hand was nearly amputated at the wrist, and his ring finger was completely amputated between the upper and middle knuckle. The victim suffered several other injuries that were caused by a blunt instrument. A substantial amount of blood was discovered around the victim's body, and a circle of blood around his feet, which suggested that the victim staggered around in a circle before finally collapsing.

At his January 5, 2006 parole hearing ("2006 Hearing"), the Board found Petitioner unsuitable for parole, stating that he would pose an unreasonable risk of danger to society and would be a threat to public safety if released from prison. Moreover, the Board found that the commitment offense was carried out in an especially cruel and callous manner, and that Petitioner's motive for the crime was inexplicable or trivial in relation to the offense. In doing so, the Board considered Petitioner's juvenile record, disciplinary history within the institution, psychological evaluation, parole plans, and the District Attorney's opposition to parole. Ultimately, the Board concluded that the egregiousness of Petitioner's offense necessitated that Petitioner demonstrate the ability

to maintain rehabilitative gains over an extended period of time.

Petitioner sought habeas relief in the state courts, challenging the Board's denial of parole at the 2006 Hearing.[1]  The California Superior Court denied his petition and found, in a reasoned decision, "ample evidence" to support the Board's determination that Petitioner would be an unreasonable risk to society if released.  On May 17, 2007, the California Court of Appeal summarily denied the petition and on October 31, 2007, the California Supreme Court also denied the petition without comment.

## II. Petitioner's Liberty Interest In Parole and Our Standard of Review

The Ninth Circuit, interpreting California law, has held that California prisoners have a constitutionally protected liberty interest in a parole date which cannot be deprived without due process of law.  *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006); *see also Irons v. Carey*, 505 F.3d 846, 850–51 (9th Cir. 2007).  Petitioner's claim that the Board's denial of parole deprived him of due process is cognizable on this Petition.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we cannot grant this habeas petition unless we determine that the California Superior Court's decision[2] "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *Sass*, 461 F.3d at 1127.[3]

---

[1] That parole hearing was Petitioner's fourth parole consideration and denial, and second since serving his minimum sentence.

[2] Under the "look-through" doctrine, "where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."  *Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991).

[3] The facts are not in dispute.  The only question is whether the Superior Court's denial meets the deferential AEDPA standards.

Respondent contends that use of the "some evidence" standard in the parole context is not clearly established by the Supreme Court for purposes of AEDPA. The Ninth Circuit has rejected this argument. *Sass*, 461 F.3d at 1128–29. In *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, the Supreme Court held that "revocation of good time does not comport with 'the minimum requirements of procedural due process,' unless the findings of the prison disciplinary board are supported by some evidence in the record." 472 U.S. 445, 454 (1985) (internal citations omitted). Although the Supreme Court has not specifically identified what standard should be used in the parole context, it follows from *Hill* that due process must be satisfied and the "some evidence" standard is a minimal standard. To hold that less than the "some evidence" standard is required would violate clearly established federal law because it would mean that a state could interfere with a liberty interest-that in parole-without support or in an otherwise arbitrary manner. *Sass*, 461 F.3d at 1128–29. Therefore, the some-evidence standard applies in parole denial hearings. *Id.*

## III. Discussion

To determine whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [factfinder]," which in this case is the Board. *Hill*, 472 U.S. at 455–56. However, evidence underlying the Board's decision must have some indicia of reliability.[4] *Jacsek v. Oregon Bd. of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987); *Hodge v. Carey*, 2007 WL 163247, at *7 (E.D. Cal. Jan. 18, 2007).

Petitioner contends that the Board's continuing reliance on an unchanging factor, i.e., the nature of the commitment offense, violates his due process rights. In *Biggs v. Terhune* and *Sass*, the Ninth Circuit addressed the effect of continued denial of parole

---

[4] Reliability of the underlying evidence is not an issue because the facts are not in dispute.

based solely on unchanging factors such as the inmate's commitment offense. *See Biggs*, 334 F.3d 910, 917 (9th Cir. 2003); *Sass*, 461 F.3d at 1129. In *Biggs*, the court, in dicta, stated that "continued reliance in the future on an unchanging factor, the circumstance of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation." 334 F.3d at 917.

This point was clarified in *Irons v. Carey*. In *Irons*, the district court granted a habeas petition challenging the parole board's fifth denial of parole where the petitioner had served sixteen years of a seventeen years to life sentence for second degree murder with a two-year enhancement for use of a firearm, and where all other factors indicated suitability for parole; however, the Ninth Circuit reversed. 505 F.3d 846, 849, 854 (9th Cir. 2007). The Ninth Circuit stated:

> We note that in all the cases in which we have held that a parole board's decision to deem a prisoner unsuitable for parole solely on the basis of his commitment offense comports with due process, the decision was made before the inmate had served the minimum number of years required by his sentence. Specifically, in *Biggs*, *Sass*, and here, the petitioners had not served the minimum number of years to which they had been sentenced at the time of the challenged parole denial by the Board. *Biggs*, 334 F.3d at 912; *Sass*, 461 F.3d at 1125. All we held in those cases and all we hold today, therefore, is that, given the particular circumstances of the offenses in these cases, due process was not violated when these prisoners were deemed unsuitable for parole prior to the expiration of their minimum terms.

*Id*. at 853-54. The court recognized, however, that at some point after an inmate has served his minimum sentence, the probative value of his commitment offense as an indicator of an unreasonable risk of danger to society recedes below the "some evidence" required by due process to support a denial of parole. *Id*. at 854. Therefore, unchangeable factors cannot, at some point, be the sole justification for the denial of parole.

Here, we cannot say that the Board's denial of parole and the California Superior Court's decision to deny the Petition for Writ of Habeas Corpus violates clearly established federal law. Petitioner completed the minimum term on his 16 years to life sentence on or about January 27, 2003. Since then, Petitioner has been denied parole on the sole basis of an unchanging factor no more than once.[5] Although due process is violated at some point when unchangeable factors are the sole justification for the denial of parole, we conclude that the aforementioned point has not been reached. Accordingly, we find that the state court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of facts.

Petitioner also contends that the Board's decision violated his plea agreement because he understood it to mean that he would serve no more than seven to eight years in prison before being released on parole. This contention lacks merit. At his change of plea hearing, Petitioner stated that he understood that, as a direct consequence of pleading guilty to second degree murder, he could be sentenced to prison for a term of 16 years to life. Therefore, the Board could not have violated the plea agreement by denying him a parole date in 2006.

## IV. Conclusion

Accordingly, we **DENY** Petitioner's Petition for Writ of Habeas Corpus. Petitioner also requests an evidentiary hearing on his claims. Pursuant to 28 U.S.C. § 2254(e)(2), a district court presented with a request for an evidentiary hearing must first determine whether a factual basis exists in the record to support a petitioner's claims and, if not, whether an evidentiary hearing "might be appropriate." *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999); *see also Earp v. Ornoski*, 431 F.3d 1158, 1166 (9th Cir.

---

[5]Although Petitioner was also denied parole on June 27, 2003, the Board did not deny parole at that time based solely on consideration of the commitment offense. In particular, the Board expressed concerns over Petitioner's employment plans and psychological report.

2005). He must also "allege[ ] facts that, if proved, would entitle him to relief." *Schell v. Witek*, 218 F.3d 1017, 1028 (9th Cir. 2000). Petitioner has not demonstrated that any additional facts need to be determined in order to resolve the claims raised in the instant petition. Moreover, as we noted previously, the facts on which the Board relied are not disputed. We have already determined that relief as to Petitioner's claims must be denied on the merits because the state courts' decisions were not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. Accordingly, an evidentiary hearing is not warranted on Petitioner's claims, and his request for an evidentiary hearing is hereby **DENIED**.

**IT IS SO ORDERED**.

DATED: June 4, 2009

_____
GEORGE H. KING
United States District Judge[6]

---

[6] United States District Judge for the Central District of California sitting by designation.